### 43409. BRANTLEY v. THE STATE.
(345 SE2d 329)

GREGORY, Justice.

Noah Brantley was convicted of murder by a jury and sentenced to life imprisonment.[1] We affirm.

Based on the evidence presented at trial, the jury could have found that Brantley was among a group of men gathered at the Waynesboro home of Earnest Mattson on November 10, 1985. According to a Waynesboro police officer, the home had a reputation of being a "shot house" or "gambling house." A dispute broke out in the morning between Brantley and Leroy Wallace. Brantley warned Wallace to stop stepping on his feet. Brantley left the house and went to his home. When Brantley returned to the Mattson home, he found most of the men gathered in the backyard. Robert Watson was standing next to Wallace. Brantley approached Wallace, and Wallace asked Brantley, "You looking for me?" Brantley then pulled a .38 caliber pistol from his belt and fired one shot in the air. Watson ran, but looked back and saw Wallace turn toward Brantley. Brantley then shot Wallace in the abdomen. Brantley immediately left the scene. Wallace walked to the front of the home and fell in some bushes. Neighbors found Wallace and discovered a pistol concealed in his clothing. Wallace was taken to a hospital and died in surgery.

Brantley testified he left the Mattson house because Wallace had been harassing him by stepping on his feet. Brantley said he took a nap at home before returning. According to Brantley, he knew Mattson's home was a "gambling house" so he carried a .38 caliber pistol back for his own protection. He said he assumed Wallace would be gone when he returned. Brantley found several men shooting dice in the backyard. Wallace resumed his harassment of Brantley by repeatedly knocking his hat off his head, Brantley said. Brantley also testified he had noticed the outline of a gun under Wallace's sweater earlier in the day. According to Brantley, Wallace reached for a gun.

---

[1] Brantley was arrested on November 10, 1985. He was indicted on November 14, 1985. Brantley was found guilty by a jury on January 21, 1986, and sentenced on January 31, 1986. Notice of appeal with this court was filed on January 28, 1986. The transcript was certified on March 11, 1986. The case was docketed on April 18, 1986, and submitted for decision on May 30, 1986.

Brantley said he fired a warning shot in the air, and then shot Wallace in self-defense.

1. Brantley contends the State did not produce sufficient evidence to support a conviction. However, we find a review of all the evidence adduced at trial in a light most favorable to the jury's verdict shows that a rational trier of fact could have found Brantley guilty of murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brantley also contends the trial court erred in failing to instruct the jury that malicious intent could be presumed, and that the presumption is rebuttable by the defendant. However, the charge Brantley would have us require has been ruled unconstitutional as violating due process of law by the United States Supreme Court in *Francis v. Franklin,* 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985).[2] See also *Williams v. Kemp,* 255 Ga. 380 (338 SE2d 669) (1986). Therefore, the trial court properly omitted the language concerning presumption of intent from the instructions.

3. Finally, Brantley contends the trial court erred in instructing the jury on specific intent without informing them a defendant does not concede intent to kill by claiming self-defense. The trial court charged the jury extensively on justification and self-defense. The instructions, taken as a whole, adequately addressed Brantley's concern that a jury might interpret his action as a concession of the malicious intent element of murder.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 1986.

*Jerry M. Daniel,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Peter D. Johnson, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.

---

[2] Franklin leveled his constitutional attack at the following two sentences of the jury charge: "The acts of a person of sound mind and discretion are presumed to be the product of a person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted." 105 SC at 1972. The Supreme Court found the challenged language created an unconstitutional burden-shifting presumption. 105 SC at 1973.